**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Richard Thomas SIMMONS,
Defendant—Appellant.**

No. 04–10077.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 4, 2004.

Decided Nov. 24, 2004.

William R. Reed, Esq., USLV—Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Jason F. Carr, Esq., FPDNV—Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: CANBY, RYMER, and HAWKINS, Circuit Judges.

## MEMORANDUM *

Richard Thomas Simmons entered a conditional guilty plea to being a felon in possession of a firearm. On appeal, he challenges the district court's denial of his motion to suppress evidence because of an alleged Fourth Amendment violation. Simmons contends that the arresting officer, after having made a valid traffic stop of Simmons' vehicle, lacked reasonable suspicion to ask about weapons and drugs and to request consent to a pat-down search. The inquiries led to a consensual search yielding ammunition, a firearm, and drugs.

We affirm the denial of the motion to suppress, although on slightly different reasoning from that of the district court.[1] An officer making a traffic stop may broaden his line of questioning beyond matters relating to the traffic stop if he notes particularized and objective factors giving rise to a suspicion of other crime. *See United States v. Perez,* 37 F.3d 510, 513 (9th Cir.1994). Here, the arresting officer reasonably relied on his knowledge that Simmons was a felon; that Simmons left a residential area that was under surveillance for suspected drug activity; that it was nighttime; and that the stop occurred in a high crime area. Under these circumstances, the officer's question about weapons and his request for permission to do a pat-down search were justified by reasonable suspicion based on particularized, objective facts.[2] *See United States v.*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. "[W]e may affirm the district court's denial of a motion to suppress on any ground fairly supported by the record." *United States v.*

*Koshnevis,* 979 F.2d 691, 695 (9th Cir.1992) (amended opinion).

2. We review de novo the district court's decision whether reasonable suspicion existed under a given set of facts. *See Perez,* 37 F.3d at 513–14.

*Murillo,* 255 F.3d 1169, 1174 (9th Cir.2001) (noting that courts "consider the totality of the circumstances to determine whether reasonable suspicion exists."). The officer's request for a pat-down search in that situation was a prudent safety precaution. *See United States v. Mattarolo,* 209 F.3d 1153, 1158 (9th Cir.2000). Our conclusion is not changed by the possibility that the officer subjectively may have thought Simmons to be unarmed.[3] *See Whren v. United States,* 517 U.S. 806, 814, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996) ("[T]he Fourth Amendment's concern with 'reasonableness' allows certain actions to be taken in certain circumstances, *whatever* the subjective intent."); *cf. United States v. Robinson,* 414 U.S. 218, 236, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973) (noting that custodial arrest authorizes search for weapons even if searching officer believed suspect to be unarmed).

The consensual pat-down search promptly uncovered ammunition, furnishing probable cause for an arrest. The extremely brief duration of the stop before the establishment of probable cause contributes to our finding of reasonableness. *Cf. United States v. Chavez–Valenzuela,* 268 F.3d 719, 728 (9th Cir.2001).

Because the expansion of the inquiry and the request for consent to a pat-down search were fully supported by particularized, objective facts giving rise to a reasonable suspicion of possession of weapons, we need not address the officer's contemporaneous question about drug paraphernalia.

AFFIRMED.

---

**3.** Although the officer testified that he did not believe that Simmons was armed, he also stated that he knew that "where drugs are there's usually weapons" and that "I wanted to keep my safety."

